

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-9-2008

# USA v. Eliana Raspino

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2218

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Eliana Raspino" (2008). *2008 Decisions.* Paper 382.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/382

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-302                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2218
_____

UNITED STATES OF AMERICA

v.

ELIANA RASPINO

*Eliana Raspino; Robert Joyce, Appellants

(*Pursuant to F.R.A.P. 12(a))

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Crim. No. 04-cr-00182)
District Judge:  Honorable Eduardo Robreno

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 25, 2008

AMBRO, FUENTES and JORDAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 9, 2008)
_____

OPINION
_____

PER CURIAM

Eliana Raspino and Robert Joyce, proceeding <u>pro</u> <u>se</u>, appeal a final order of

forfeiture entered by the United States District Court for the Eastern District of Pennsylvania. For the reasons discussed below, we will dismiss Raspino's appeal and affirm the District Court's order.

Raspino and Joyce were convicted of bankruptcy fraud, conspiracy, and other crimes. In 2005, the District Court sentenced them each to 36 months in prison. The District Court also entered a final order of forfeiture and forfeiture money judgment in favor of the United States and against Raspino in the amount of $211,000, which represented the value of the proceeds of, and property involved in, her offenses. In 2007, we affirmed the judgments of conviction.

After sentencing, the Government learned that Raspino owned property in New Jersey. The Government moved to amend the order of forfeiture pursuant to Federal Rule of Criminal Procedure 32.2(e) to include the New Jersey property as a substitute for the property that was ordered forfeited. On May 3, 2007, the District Court issued an amended order of forfeiture, finding that the proceeds of, and the property involved in, the offenses were no longer available for forfeiture, and that Raspino had an interest in the New Jersey property. The District Court ordered that the United States shall have clear title to the New Jersey property following the disposition of all third-party interests. Raspino and Joyce, who lived with Raspino on the property, moved for relief from the order. The District Court denied the motions in an order entered on September 13, 2007. Joyce's motion was denied without prejudice, apparently so that he could file a third-party

claim asserting an interest in the property.

On April 4, 2008, the District Court issued a judgment and final order of forfeiture of substitute assets providing that the property was fully and finally forfeited to the United States pursuant to 21 U.S.C. § 853. The District Court stated that the Government had published notice of the amended order of forfeiture, that direct written notice was provided to all persons known by the Government to have alleged an interest in the property, and that no formal claims had been filed with the court.[1] The present appeal followed.

The Government correctly argues that Raspino lacks standing to challenge the District Court's April 4, 2008, order. Raspino's interest in the property was determined by the District Court on May 3, 2007, when the District Court amended its forfeiture order to include the substitute assets. See United States v. Pelullo, 178 F.3d 196, 202 (3d Cir. 1999) (noting that a forfeiture order entered at sentencing conclusively determines all of the defendant's interest in the forfeited property and is final for purposes of appeal). Raspino did not appeal the May 3, 2007, order or the September 17, 2007, denial of her motion for relief from that order.

Any ancillary proceedings that took place thereafter were for persons other than Raspino who may have wanted to assert a claim to the property before the final forfeiture occurred. See id. (explaining that a defendant generally has no standing to participate in

---

[1] The Government had acknowledged two informal claims and represented that it had agreed with the claimants to settle the claims after the property was sold.

3

the ancillary proceedings that take place after the forfeiture order is entered at sentencing because the defendant no longer has an interest in the property).[2] Because Raspino has no interest implicated by the April 4, 2008, order, she lacks standing to bring this appeal.

We also conclude that Joyce may not challenge the April 4, 2008, order through this appeal because he never filed a claim asserting an interest in the forfeited property. Under 21 U.S.C. § 853(n), a third party may petition the court for a hearing to adjudicate the validity of his alleged interest in the property. Section 853(n) provides the exclusive means by which a third party can assert his interest. DSI Assoc. LLC v. United States, 496 F.3d 175, 183-84 (2d Cir. 2007). Although Joyce contends that he did assert a claim to the property by filing his motion for relief from the May 3, 2007, order, that motion was denied without prejudice so that Joyce could properly file a third-party claim under § 853(n). To the extent Joyce contends that he did not receive proper notice of the amended forfeiture order, that contention is belied by his filing of the motion for relief from the order and the notice that the Government submitted in support of its motion for a final forfeiture order. Joyce also appears to fault the District Court for failing to hold ancillary proceedings. Absent the filing of a third-party claim to the property, however, the District Court had no reason to hold a hearing.

Accordingly, we will dismiss Raspino's appeal and affirm the District Court's

---

[2] Although Pelullo involved the RICO forfeiture procedures in 18 U.S.C. § 1963, the forfeiture procedures applied here similarly provide that "[a]ny person, other than the defendant," may assert an interest in the property in the ancillary proceedings. 21 U.S.C. § 853(n)(2).

order.  For the reasons we have set forth, the Government's motion for summary

affirmance is granted in part and denied in part.